ELLIS NYE *v.* JOHN SPALDING, *et al.*

Held, that it is no objection to the admissibility of a deposition, because the envelope inclosing it, and the paper on which the caption is made are separate and distinct pieces of paper, nor because the name of the deponent is omitted in the superscription.

Where the caption commenced thus: "Then personally appeared, A. B. of ——— &c." but without date at its commencement, yet in the attestation by the authority taking it, the day, month and year were given, it was held that the word "then," might be taken as referring to the time of its attestation.

ASSUMPSIT. Plea, non assumpsit.

On the trial in the county court, the plaintiff offered in evidence the deposition of one Hawley, and the only question raised in this case, is, whether the deposition was properly admitted.

The defendants objected to its admission ;—

1. Because the envelope, and the paper upon which the caption was written, were separate papers.

2. Because the superscription, which was as follows ;—

"The within deposition, taken and sealed up by
                    N. L. FRENCH, Com'r. of deeds, &c."
did not contain the name of the deponent.

3. Because the date of the oath did not sufficiently appear in the caption.

The caption commenced thus ;—

"State of New York,        }
City and county of New York. }

"Then John M. W. Hawley, of the city, county and "state of New York, personally appeared," &c.

And concluded as follows ;—

"In testimony whereof I have hereunto set my hand and seal this twenty seventh day of February," &c.

(Signed)        "N. L. FRENCH, Com'r." &c.

The defendants insisted that there was no date to which the word "then," in the caption, could refer.

The county court overruled the objection, and admitted the deposition. Judgment having been rendered in favor of the plaintiff, the defendants excepted.

*S. H. Prentiss, & A. Spalding*, for defendants.
*N. Kinsman & L. B. Peck*, for plaintiff.

Nye
*v.*
Spalding *et al.*

The opinion of the court was delivered by

BENNETT, J.—It is difficult to see any foundation for the first objection. The statute does not require that the caption should be made on the same paper that envelopes the deposition, and there is no good reason why it should.

The second objection is, that the name of the deponent is not inserted in the superscription.

The statute form, it is true, inserts it, but it seems to be merely a matter of form, and gives no greater certainty than is given in this case. When the authority taking the deposition certifies that "the within deposition was taken and sealed up by me," by a reference to the deposition itself, the name of the deponent is given, and the court can see no good ground for rejecting the deposition for this cause. The statute form requires, that, in the *caption*, the name of the deponent and his place of residence should be set forth, but it has been frequently decided, that if they appear in the body of the deposition, only, it is sufficient.

The remaining objection is, that the time of the administration of the oath, does not sufficiently appear. It is undoubtedly necessary that the time of the administration of the oath should appear. In the present case, the caption begins thus; "Then John M. W. Hawley of ——— personally appeared," &c., and in the attestation, the day, month and year are given. The court think the word "then" may be taken as referring to the date affixed to the attestation, and if so, the day of the administration of the oath, and the day of the attestation are one and the same, and this objection is unfounded in fact. The deposition was, therefore, correctly admitted, and the judgment of the county court is affirmed.